Magdalena **TORRES SIERRA**, Plaintiff,

v.

**PERIODICO LA PERLA DEL SUR, et al., Defendants.**

**Civ. No. 91–1246(RLA).**

United States District Court, D. Puerto Rico.

Jan. 24, 1994.

Wilfredo Marcial González, Santurce, PR, Enrique Mendoza Méndez, Mendoza & Baco, San Juan, PR, for plaintiff.

Carlos García Pérez, Goldman Antonetti Cordova & Axtmayer, San Juan, PR, for defendants.

## ORDER DISMISSING CLAIMS

ACOSTA, District Judge.

Defendants La Perla del Sur, Inc. and Juan Nogueras have objected to the Report and Recommendation issued by the U.S. Magistrate insofar as it recommends to the Court that defendants' motion to dismiss be denied.

Defendants contend that jurisdiction is lacking inasmuch as Periodico La Perla del Sur did not employ the requisite minimum number of employees under the statute. Title VII defines "employer" as:

A person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year....

42 U.S.C. § 2000e(b).

In determining who qualifies as an employee for purposes of meeting the aforementioned quota, the courts have examined the degree of control over the alleged employees and the economic reality of the particular working relationships to exclude independent contractors from the tally. *See Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488, 1495–96 (11th Cir.1993); *Graves v. Women's Professional Rodeo Ass'n, Inc.,* 708 F.Supp. 233 (W.D.Ark.1989), *aff'd,* 907 F.2d 71 (8th Cir. 1990).

Defendants have submitted two affidavits subscribed by Miss Lucille de Jesus Stephenson, the newspaper's administrator, naming all persons connected with the entity for the relevant time periods, i.e., January 1988 to December 1990 which we find support the conclusion that the newspaper did not employ 15 or more persons as required by the statute. For those individuals who defendants contend are not "employees" within the meaning of Title VII, Miss de Jesus has stated with particularity their specific duties and financial arrangements which necessarily renders them independent contractors. For instance, the salespersons worked only on commission, their services were not exclusive to the newspaper, the newspaper did not control their schedule or working hours, no sales quota were imposed, no taxes withheld, their performance was not supervised and sales personnel had to pay for their own expenses. *See* Sworn Statement attached to defendants' Motion to Dismiss (docket No. 30). In a subsequent affidavit, Miss de Jesus further explained the particular circumstances of the other persons identified by plaintiff in her motion as additional employees. *See* Sworn Statement attached to defendants' Reply ... (docket No. 40). Some of the individuals identified were paid if their articles were published whereas others were mere collaborators who submitted articles ad hoc without any compensation and without the newspaper having any obligation to publish them. Another alleged employee was an author who consented to reproduction of landscapes from his book without cost. Apart from these, the other persons listed by plaintiff are: a photographer, who had a full-time employment elsewhere and was paid a lump sum whenever he was requested to cover an activity; the distributor of the newspaper who contracted his own personnel and was paid a lump sum for his services and one of his employees. The payrolls themselves filed together with defendants' Motion Submitting Original Sworn Statement (docket No. 47) further support this conclusion.

Defendants' depiction of the nature of the working relationship with the various persons through the relevant time period stands uncontested. The evidence adduced by plaintiff in support of the jurisdictional minimum is her affidavit listing a series of "employees" with their respective titles/positions and two colophons published in defendants' newspaper. Apart from her conclusory statements, plaintiff has not set forth any details concerning the alleged employees' duties and other relevant factors for the court to ascertain if any of them are instead independent contractors.

We are satisfied that, given the nature of the relationship of the pertinent persons with the defendant newspaper as described by its administrator, we have no jurisdiction to entertain this action pursuant to 42 U.S.C. § 2000e(b). Accordingly, defendants' Objections to the Magistrate's Report and Recommendation (docket No. 46) are hereby **GRANTED** and the federal claims are hereby DISMISSED for lack of jurisdiction. All

pendent state claims are hereby DISMISSED without prejudice.

Judgment shall be entered accordingly.

IT IS SO ORDERED.